that a conductor was on the platform. Mr. Culver, the plaintiff's attorney, who was on the sidewalk opposite the place of the accident, saw the car slow down, and start ahead rapidly, and also saw the plaintiff fall from the car. The defendant produced eight witnesses of the occurrence, five of them passengers, one a bystander, and the motorman and conductor. The passengers gave evidence tending to show that the car did not slow down, and that the conductor was inside. Some of them said the plaintiff deliberately walked off the car while it was moving. The bystander witnessed the accident from the corner of Garfield place, and said that he saw the plaintiff step off the car, but, as the car was between him and the plaintiff till she left it, his testimony is not of great importance. The motorman testified that he made a full stop at First street, and after leaving that street that there was no slowing or jerking or sudden acceleration of speed. The conductor testified that he was inside the car at the time of the accident; that the car stopped at First street, but that some one on the platform rang the bell; and that there was no jerking or acceleration of speed. Here was a clear conflict of evidence, and to have granted the defendant's motion to nonsuit the plaintiff and dismiss the complaint would have been error. To the charge neither party excepted, and the jury were fairly instructed as to the questions to be decided by them. We must apply here the same rule that we have heretofore applied in cases of this character. Rippe v. Railroad Co., 35 App. Div. 321, 54 N. Y. Supp. 958; Edgerly v. Railroad Co., 44 App. Div. 476, 60 N. Y. Supp. 1062. The evidence was such as to require the submission of the case to the jury. They were justified in believing the statements of the witnesses for the plaintiff or the witnesses for the defendant as to the facts, and evidently have credited the former. We are not disposed to interfere with their verdict, which clearly was not excessive, in view of the plaintiff's injuries. The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.

(50 App. Div. 422.)

### CHEEVER v. PITTSBURGH, S. & L. E. R. CO.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

BILLS AND NOTES—PLEADING—TRANSFER OF TITLE.

A complaint, in an action on a note, which alleges that it was indorsed and delivered by the payee named therein to F., who delivered the same so indorsed to B., who took the same from them before maturity for value, in good faith and without notice, and that thereafter the said B., for value, transferred and delivered the said note to J., who thereafter, and before this action, assigned, transferred, and delivered the same to plaintiff, who is now the holder thereof, sufficiently alleges the transfer, assignment, and delivery of the note so as to import a legal title in plaintiff.

Appeal from trial term, New York county.

Action by John D. Cheever against the Pittsburgh, Shenango & Lake Erie Railroad Company on promissory notes. From a judgment in favor of plaintiff and from an order denying a motion for

a new trial, defendant appeals. Transferred from First to Second department. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Frank Sullivan Smith, for appellant.

Austen G. Fox, for respondent.

WILLARD BARTLETT, J. The decision of the court of appeals in this case (Cheever v. Railroad Co., 150 N. Y. 59, 44 N. E. 701) settled one question. There is nothing on the face of the notes in suit to charge the transferee thereof with notice of the fact that they had been wrongfully diverted by the president of the corporation by which they were made. Notwithstanding this determination, it was held by the appellate division upon the second appeal that there was evidence which should be submitted to a jury upon the question of the good faith of the transferee (Francis A. Brooks, of Boston) in taking the paper. 28 App. Div. 81, 50 N. Y. Supp. 1067. Upon the trial now under review this question of good faith has been resolved by the jury in favor of such transferee. We think the proof is sufficient to sustain the finding of the jury in this respect. In leaving this question to the jury, we cannot perceive that the trial court erred in giving or refusing to give any instruction. Since the review by the appellate division, the answer has been amended so as to allege that the plaintiff was not at the time of the commencement of the suit, and is not now, the owner and holder of the promissory notes in controversy. The averment of the complaint in regard to each of these notes is that it was indorsed and delivered by the payee named therein to M. S. Frost & Son, "who delivered the same so indorsed to Francis A. Brooks, who took the same from them before maturity, for value, in good faith, and without notice; and that thereafter the said Francis A. Brooks, for value, transferred and delivered the said note to John Brooks, who thereafter, and before this action, assigned, transferred, and delivered the same to the plaintiff, who is now the holder thereof." We think that the transfer, assignment, and delivery are sufficiently alleged so as to import a legal title in the plaintiff (Oishei v. Craven [Super. Ct. Buff.] 31 N. Y. Supp. 1021, by Hatch, J.), and that the evidence in support of the allegation of the complaint in this respect was so supported by the proof as to justify the court in holding, as matter of law, that the plaintiff could maintain the action. The case is discussed with exceeding elaboration in the briefs of counsel. All the points except those which have now been touched upon appear to have been necessarily involved in the decisions rendered upon the previous appeals. It seems to us that there is no error which affords just ground of complaint to the appellant in the record of the last trial, and that the judgment which was the result of that trial should be allowed to stand. Judgment and order affirmed, with costs. All concur.